IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

NORBERTO BURCIAGA,

                              ORDER

        Petitioner,

                            16-cv-330-bbc
                            11-cr-93-bbc

    v.

UNITED STATES OF AMERICA,

        Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        Norberto Burciaga has moved for a reduction of his sentence in light of the United States Supreme Court's decision in <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015), declaring unconstitutionally vague a portion of the penalty provision of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2). The motion must be denied because his sentence is not affected by the holding in <u>Johnson</u>.

        <u>Johnson</u> involved a challenge to the constitutionality of a specific clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), that identified those prior crimes of a defendant that would be considered violent felonies under the Act and justify an increase in a defendant's sentence. Although <u>Johnson</u> has some application beyond the Armed Career Criminal Act to sentences imposed under the sentencing guidelines, it would not apply to petitioner's sentence, which is a statutorily-determined mandatory term of ten years.

        Petitioner adds an argument to the effect that he is entitled to be resentenced to a

1

term of five years because the sentencing commission has revised the guidelines, making it clear that petitioner should be sentenced to no more than five years.  Petitioner has not identified the applicable revision, which is not surprising in light of the fact that the commission has no authority to reduce a statutorily-determined sentence.

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Tennard v. Dretke, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted).  Petitioner has not made a substantial showing of a denial of a constitutional right so no certificate will issue.

Petitioner is free to seek a certificate of appealability from the court of appeals under Fed. R. App. P. 22, but that court will not consider his request unless he first files a notice of appeal in this court and pays the filing fee for the appeal or obtains leave to proceed in forma pauperis.

ORDER

IT IS ORDERED that petitioner Norberto Burciaga's motion for post conviction relief

2

under 28 U.S.C. § 2255 is DENIED. Further, IT IS ORDERED that no certificate of appealability shall issue. Petitioner may seek a certificate from the court of appeals under Fed. R. App. P. 22.

    Entered this 31st day of May, 2016.

                          BY THE COURT:
                          /s/
                          BARBARA B. CRABB
                          District Judge